**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-6955**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHN WATSON, JR.,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, Senior District Judge. (5:16-hc-02087-BR)

Submitted: April 13, 2017                                   Decided: May 23, 2017

Before TRAXLER, WYNN, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Diana H. Pereira, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant. John Stuart Bruce, United States Attorney, Jennifer P. May-Parker, First Assistant United States Attorney, Robert J. Dodson, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Watson, Jr., appeals the district court's judgment ordering Watson to be committed to the care and custody of the Attorney General under 18 U.S.C. § 4246 (2012). We affirm.

A person may be committed to the custody of the Attorney General for medical, psychiatric, or psychological care or treatment "[i]f, after [a] hearing, the [district] court finds by clear and convincing evidence that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). The district court's finding in this regard is a factual determination we will not overturn unless it is clearly erroneous. *United States v. LeClair*, 338 F.3d 882, 885 (8th Cir. 2003); *United States v. Cox*, 964 F.2d 1431, 1433 (4th Cir. 1992). "[C]lear and convincing has been defined as evidence of such weight that it produces in the mind of the trier of fact a firm belief or conviction, without hesitancy, as to the truth of the allegations sought to be established, and, as well, as evidence that proves the facts at issue to be highly probable." *United States v. Hall,* 664 F.3d 456, 461 (4th Cir. 2012) (internal quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Id.* at 462 (internal quotation marks omitted).

We have reviewed the record and conclude that the district court's finding that the Government showed by clear and convincing evidence that Watson was "suffering from a mental disease or defect as a result of which his release would create a substantial risk of

2

bodily injury to another person or serious damage to property of another" is not clearly erroneous. *See* § 4246(d). Among the factors supporting the court's finding are Watson's history of violent conduct, including use of a firearm, which appears directly related to his mental illness; his lack of insight into his illness and the refusal to accept treatment; and the lack of family or social support if he is released.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*